IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for R-G PREMIER BANK OF PUERTO RICO<br>Plaintiff<br>vs<br>EMERITO ESTRADA-RIVERA--ISUZU DE PUERTO RICO, INC.; DIGNO EMERITO ESTRADA-RIVERA, his spouse EDITH DELIA COLON-FELICIANO and their conjugal partnership; JOHN DOE and JANE DOE<br>Defendants | CIVIL 10-1622CCC |

**OPINION AND ORDER**

Before the Court is plaintiff Federal Deposit Insurance Corporation's ("FDIC-R"), as Receiver of R-G Premier Bank of Puerto Rico, Motion to Dismiss Counterclaim with Prejudice (**docket entry 17**), defendants' Opposition (docket entry 25) and plaintiff's Reply (docket entry 26). The facts giving rise to the dismissal motion are as follows:

On July 7, 2010, the FDIC-R filed its Notice of Removal (docket entry 1). Along with said Notice, the FDIC-R submitted copies of documents presented by the parties before the Commonwealth of Puerto Rico's Court of First Instance. Among these documents were a copy of defendants' Counterclaim filed on April 13, 2009 and Amended Counterclaim filed in May 14, 2009 (docket entry 3). The FDIC-R sent the corresponding claims notices to defendants advising them that in order for the FDIC-R to consider defendants' claim against the failed institution, defendants should complete an enclosed Proof of Claim Form and provide all supporting documentation for the FDIC-R's consideration and review. Defendants submitted their proofs of claims and the FDIC-R issued disallowance notices. Defendants failed to take any action upon the issuance of the disallowance notice. Plaintiff states that pursuant to section 1821(d)(6) of the Financial Institution's Reform Recovery Act of 1989 ("FIRREA"), 12 U.S.C. § 1821 et seq., once a claim is disallowed, the claimant has 60 days

CIVIL 10-1622CCC                                         2

to either request administrative review or file suit on such a claim (or continue an action commenced prior to the receivership).  Plaintiff argues that since defendants failed to take action upon the issuance of the disallowance notice, they are barred from seeking any further relief from this Court with regard to their Amended Counterclaim.  They sustain that pursuant to 12 U.S.C. § 1821(d)(6) the Court lacks subject-mater jurisdiction to consider the Amended Counterclaim and the same must be dismissed with prejudice.

In their opposition, defendants allege that this Court should deny the request to dismiss the counterclaim because the FDIC-R failed to give due notice of the administrative claims process in that the notice was not mailed 90 days prior to the claims bar date of August 4, 2010.  They also claim that the FIRREA provisions cited by the FDIC-R do not apply since their counterclaim was filed prior to the appointment of the FDIC as receiver for R-G Premier Bank of Puerto Rico.

### I.     PLEADING STANDARD FOR SUBJECT-MATTER JURISDICTION

Fed. R. Civ. P. 12(b)(1) allows a defendant to raise the defense that a court lack subject-matter jurisdiction to entertain a claim.  Federal Courts are not at liberty to overlook limitations on their subject-matter jurisdiction.  <u>Francis v. Goodman</u>, 81 F.3d 5, 8 (1996).  Thus, if the court determines that as a threshold matter subject-matter jurisdiction does not exist, it must dismiss the case and not make any determination on the merits of the same. <u>Menéndez v. United States</u>, 67 F. Supp. 2d 42, 45 (D.P.R. 1999).  Plaintiff bears the ultimate burden of proving that subject-matter exists.  <u>Aversa v. United States</u>, 99 F.3d. 1200, 1209 (1996).

### II.    ANALYSIS

Pursuant to the provisions of the FIRREA, the FDIC-R "succeeds to all rights, titles, powers, and privileges of the insured depository institution." 12 U.S.C. § 1821(d)(2)(A). The FIRREA has the authority to review claims against a failed institution and make a determination as to whether said claim is allowed or disallowed.  If a claim is disallowed, the

CIVIL 10-1622CCC                                    3

claimant has 60 days to request further review, file suit in a district court or continue an action commenced before the appointment of the receiver.  12 U.S.C. § 1821(d)(6)(A).  If a claimant fails to any such action before the end of the 60-day period described in subparagraph (A), such disallowance becomes final and the claimant shall have no rights or remedies with respect to such claim.  12 U.S.C. § 1821(d)(6)(B).

In the instant case, on July 21, 2010, the FDIC sent notices to defendants stating that R-G's records indicated they may have a claim against the failed institution R-G (docket entry 17, exhibits 1 and 2).  The notices indicated that in order for the FDIC-R to consider defendants' claim against the failed institution, defendants should complete the enclosed Proof of Claim Form and provide all supporting documentation for the FDIC-R's consideration and review.  The claims bar date was August 4, 2010. Defendants filed proofs of claim on August 3, 2010 and August 4, 2010 (docket entry 17, exhibits 3 and 4).  Upon review of defendant's claims, the FDIC-R sent Notice of Disallowance of Claim on October 20, 2010 (docket entry 17, exhibits 5 and 6).  The disallowance notice stated that pursuant to 12 U.S.C. Section 1821(d)(6) if they did not agree with the disallowance, they had the right to file a suit on their claim (or continue any lawsuit commenced before the appointment of the Receiver), in the United States District (or Territorial) Court for the District within which the failed institution's principal place of business was located or the United States District Court for the District of Columbia within 60 days from the date of this notice. It further stated:  "IF YOU DO NOT FILE A LAWSUIT (continue any lawsuit commenced before the appointment of the Receiver) BEFORE THE 60-DAY PERIOD, THE DISALLOWANCE WILL BE FINAL, YOUR CLAIM WILL BE FOREVER BARRED AND YOU WILL HAVE NO FURTHER RIGHTS OR REMEDIES WITH RESPECT TO YOUR CLAIM." 12 U.S.C. Section 1821 (d)(6)(B)."  (Docket entry 17, exhibits 5 and 6).  In discussing the provisions of FIRREA's Section 1821(d)(6) the court has recognized that **"[t]o "continue" an action requires some affirmative act by the claimant**."  Reyes v. FDIC,

CIVIL 10-1622CCC                                    4

2011 WL 2604762 (D.P.R. June 30, 2011) (emphasis ours), citing Lakeshore Realty Nominee Trust v. FDIC, 1994 WL 262913 at *1-2 (D.N.H. May 25, 1994), and First Union National Bank of Florida v. Royal Trust Tower, Ltd., 827 F. Supp. 1564, 1567-1568 (S.D. Fla. 1993).

  The records indicate that defendants did not take any action to continue or recommence their claim upon receipt of the FDIC's disallowance notice. Defendants took no action at all to seek administrative review of the FDIC's determination to disallow their claim nor did they seek any kind of relief from this Court during the 60-day period provided by FIRREA. The 60-day period to continue or re-commence an action filed prior to the appointment of the receivership expired on December 19, 2010.

        Defendants argument that the FDIC's notice of administrative claims process was deficient because it was not mailed 90 days prior to the claims bar date of August 4, 2010, lacks merit. The only exception to a claimant's obligation to exhaust the mandatory claims process is when the claimant shows that he did not receive any notice of the appointment of the FDIC as receiver for the failed institution. This exception does not apply to claimants who are aware of the appointment of the receiver but who do not receive notice of the filing deadline. Maldonado-Vaillant, et. al v. FDIC, 2011 WL 1545429 (D.P.R. April 25, 2011), Freeman v. FDIC, 56 F.3d 1394, 312 U.S. App. D.C. 324 (D.C. Cir 1995). In the instant case, defendants had knowledge of the appointment of the FDIC as receiver for R-G Premier Bank. They submitted administrative claims with the FDIC-R on or before the claims bar date of August 4, 2010 (docket entry 17, exhibits 3 and 4). Therefore, the exception to the mandatory administrative claims process does not apply.

  Defendants' other argument that the FDIC-R notice of disallowance indicated that they could continue their claims prior to the appointment of the receivership also lacks merit. As already stated before, the FDIC-R's notice of disallowance indicated that if they chose to continue their pre-receivership litigation, they had a 60-day period to continue their action

CIVIL 10-1622CCC                                  5

(docket entry 17, exhibits 5 and 6).  Defendants took no action to continue their pre-receivership lawsuit.

Since defendants did not take any action to seek administrative review of the FDIC's determination to disallow their claim nor did they seek any kind of relief from this Court during the 60-day period provided by FIRREA, this Court lacks subject-matter jurisdiction to consider the Amended Counterclaim.

### III.  CONCLUSION

For the reasons stated herein, plaintiff's Motion to Dismiss Counterclaim with Prejudice (**docket entry 17**) is GRANTED.  Accordingly, the Court will enter Judgment dismissing with prejudice defendants' Amended Counterclaim (docket entry 3).

SO ORDERED.

At San Juan, Puerto Rico, on March 6, 2012.

S/CARMEN CONSUELO CEREZO
United States District Judge